. Richardson v. Smith.

---

ABIJAH RICHARDSON v. W. S. SMITH ET AL.

[FILED MAY 18, 1892.]

1. **Supreme Court: PRACTICE: OBJECTIONS NOT RAISED.** No objection to the procedure to obtain a modification of a decree of foreclosure and sale being made in the district court, the objection will be unavailing if made for the first time in the supreme court.

2. **Interest.** The court found the amount due on certain notes and mortgages to be the sum of $1,431.60, and afterwards, on motion, reduced the same to $1,374.80. *Held*, That all the notes were to be considered as parts of one transaction, and that the interest thereon did not exceed the legal limit, and that the court erred in reducing the amount of the decree.

ERROR to the district court for Johnson county.   Tried below before BROADY, J.

*L. C. Chapman,* for plaintiff in error, cited : *Pierce v. Lamper,* 6 N. E. Rep. [Mass.], 223 ; *Mason v. Pearson,* 118 Mass., 61 ; *Lambert v. Mustard,* 18 O. St., 419; *Elliott v. Plattor,* 43 Id., 205 ; *Axtell v. Warden,* 7 Neb., 186; *B. & M. R. Co. v. Dobson,* 17 Id., 450; 6 W. Cin. L. Bul., 755; *Kellogg v. Lavender,* 15 Neb., 256.

*A. M. Appelget, contra,* cited: *Ohio v. Beam,* 3 O. St., 508 ; *Mathews v. Toogood,* 25 Neb., 99 ; *Richardson v. Campbell,* 27 Id., 644; *Murtagh v. Thompson,* 28 Id., 358.

MAXWELL, CH. J.

On the 11th day of June, 1877, Wallace S. Smith and wife executed six notes to P. D. Cheney, one for $600, due in five years, without interest before maturity and with twelve per cent thereafter, and five coupon interest notes, due in one, two, three, four, and five years, without interest until maturity and with twelve per cent after maturity. These notes were secured by mortgage on real estate in Johnson county. On the 11th day of March, 1889, a petition to foreclose the mortgage was filed in that court upon the $600 note and all the coupon notes except that due in one year. The answer is a general denial. Upon the trial of the cause a decree was rendered for the sum of $1,431.60 and of foreclosure and sale. The defendant thereupon claimed and obtained a stay of order of sale for the statutory period. After the expiration of the stay the defendant filed a motion in said court to modify and correct the decree by reducing the same to $1,250. The attorney for the plaintiff also filed a motion claiming that the decree should be for a sum in excess of $1,600. No ruling seems to have been had on the latter motion, but the court sustained the defendant's motion in part and reduced the decree to $1,374.80, as of the date of the original decree, and to

bear ten per cent interest thereafter.  Objection is now made to the procedure by motion, after the expiration of the stay, to correct the decree.  It is sufficient to say that no objection was made in the court below to this form of procedure and the objection cannot be raised in this court for the first time.

It is evident that the court erred in reducing the amount of the decree.  At the time the contract was made twelve per cent was the lawful rate of interest when there was a contract to that effect.  If we consider all the notes therefore as a part of one transaction and that they draw interest from maturity at ten per cent the amount will at least equal that of the original decree.  The court therefore erred in reducing it.  The modified decree of the district court is reversed and the original decree for $1,431.60 reinstated, with interest at ten per cent from the 15th day of November, 1889.

Decree accordingly.

The other judges concur.